NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYNDSAY DAVIDSON, an Individual; et al., | No. 19-55645 |
| Plaintiffs-Appellants, | D.C. No. 8:16-cv-01693-AG-JCG |
| v. | |
| COUNTY OF LOS ANGELES, by and through The Los Angeles County Department of Children and Family Services; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 15, 2020[**]
Pasadena, California

Before: EBEL,[***] WARDLAW, and HUNSAKER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Lyndsay Davidson, Brandon Salinas, and their four children sued six employees of the Department of Children and Family Services ("the DCFS Defendants") and Los Angeles County under 42 U.S.C. § 1983 for violation of their constitutional rights to familial association, arguing that the DCFS Defendants made deliberate misrepresentations to the juvenile court during dependency proceedings to bolster their case for removal of the children from their family home. At summary judgment, the district court found the family failed to create a triable issue as to the County's liability and that the DCFS Defendants were entitled to qualified immunity. Plaintiffs appeal as to the DCFS Defendants only. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lojek v. Thomas*, 716 F. 2d 675, 677 (9th Cir. 1983), and we affirm.

The district court did not err in granting summary judgment on qualified immunity grounds. We have held that government officials are not entitled to qualified immunity if their conduct violates the clearly established right to be free from judicial deception during removal proceedings. *See Greene v. Camreta*, 588 F.3d 1011, 1034–35 (9th Cir. 2009), *vacated in part on other grounds by Camreta v. Greene*, 563 U.S. 692, 713–14 (2011). Here, Plaintiffs submitted no evidence to support their claims of judicial deception, let alone evidence sufficient to create a genuine dispute of material fact. The deposition testimony quoted in Plaintiffs'

opposition to summary judgment was never provided to the district court. Even putting aside this fatal oversight, the quoted deposition testimony fails to create a triable issue that any DCFS Defendant made a deliberately false statement to the juvenile court.

**AFFIRMED.**